`IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALFRED R. BRANNON,

        Plaintiff,

vs.

                                    No. CIV 99-370 MV/BB

GEORGE A. HARRISON, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss Under FED. R. CIV. P. 12(b)(6), filed May 11, 1999 **[Doc. 6]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion is well taken and will be **GRANTED**, as explained below.

### BACKGROUND

On April 1, 1999, Alfred R. Brannon, proceeding *pro se*, filed a Complaint seeking compensation for alleged violations of his civil rights and the civil rights of others. Plaintiff's claims either sound in tort or are brought pursuant to 42 U.S.C. § 1983. A Motion to Dismiss was filed on May 11, 1999. The Defendants joining in the Motion to Dismiss are all state officers. These Defendants have all been sued for actions taken in their official capacities.

Defendants Franchini, Baca, Harrison, Donnelly, Bosson, Flores, Onuska, Rich, Caton, Eastburn, Harris, Birdsall, Nelson, and Dial are all judicial officers of the State of New Mexico and have all been sued for actions taken in their judicial capacities. Defendant Udall was the Attorney

General of New Mexico and has been sued for acts he performed in this capacity. Defendant Price is the Eleventh Judicial District Attorney and has been sued for actions undertaken in this capacity. Defendant Holguin is the Executive Director of the New Mexico Judicial Standards Commission and has been sued for acts she performed in this capacity. Defendant Johnson is the Governor of the State of New Mexico and has been sued for actions he took in this capacity.

## STANDARD OF REVIEW

A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff. *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his or her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that [he or she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873

F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

## ANALYSIS

The Eleventh Amendment of United States Constitution bars federal courts from exercising jurisdiction in suits by private citizens against their own state governments. *Welch v. Texas Dept. of Highways and Public Transp.*, 483 U.S. 468 (1987); *Papasan v. Allain*, 478 U.S. 265 (1986). Suits against state officers in their official capacity are deemed to be actions against a state itself. *Kentucky v. Graham*, 473 U.S. 159 (1985). Suits against state officers in their official capacity are therefore similarly barred by the Eleventh Amendment. *Id*. The Eleventh Amendment bar to suit in federal court is not absolute. States may consent to suit in federal court, and, in certain cases, the United States Congress may explicitly abrogate state immunity in a particular area. *Port Authority Trans-Hudson Corp. v. Feeney*, 495 U.S. 299 (1990).

The case at bar involves a private citizen Plaintiff suing officers of the state of New Mexico. The suit involves actions of the state officers in their official capacities. Therefore, this Court may not exercise jurisdiction in this case unless the state of New Mexico has consented to suit in federal court for torts or violations of 42 U.S.C. § 1983. Alternatively, if the United States Congress has expressly abrogated the immunity of the State for suit in tort or suit under 42 U.S.C. § 1983, then this Court may exercise jurisdiction.

However, the State of New Mexico has not consented to be sued in federal court for ordinary tort actions. *See* NMSA 1978 § 41-4-4(F) (waiving sovereign immunity only for actions in state court). In addition, Congress has not abrogated the State's Eleventh Amendment immunity from

ordinary tort actions. Likewise, if Plaintiff's claim is under 42 U.S.C. § 1983, Congress has not abrogated the State's Eleventh Amendment immunity from such a suit and the State has not consented to be sued in federal court on such a matter. *Archuleta v. Lacuesta*, 131 F.3d 1359 (10th Cir. 1997) (State of New Mexico has not waived nor has Congress abrogated State's Eleventh Amendment immunity under 42 U.S.C. § 1983); *see Quern v. Jordan*, 440 U.S. 332, 341 (1979) (Congress has not abrogated State's Eleventh Amendment immunity under 42 U.S.C. § 1983); N.M. Stat. Ann. 41-4-4(F) (Michie Supp.1996) (New Mexico has not waived its immunity from suit in federal court). Therefore, this Court lacks jurisdiction over this matter.[1]

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Under FED. R. CIV. P. 12(b)(6) **[Doc. 6]** is hereby **GRANTED**.

_____
MARTHA VÁZQUEZ
DISTRICT COURT JUDGE

Alfred Brannon, *pro se*

<u>Attorney for Defendants:</u>
Sean Olivas , Esq.

---

[1] Because jurisdiction cannot be exercised by this Court due to Eleventh Amendment immunity, the other bases for dismissal will not be considered.

4